GOLDSMITH & HULL, P.C/ File No. CDCS975
William I. Goldsmith SBN 82183
Jack Hull SBN 91879
Michael L. Goldsmith SBN 291700
16933 Parthenia Street #110
Northridge, CA 91343
(818)990-6600 (Fax) (818) 990-6140
**govdept1@goldsmithcalaw.com**

Attorney for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NUMBER  15 - 2041 |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>**(Failure to pay back wages under FLSA)** |
| KEVIN EMEIN AKA KEVIN EMEIAM;<br>VENTURA SHOUP CARWASH INC. dba VENTURA WEST CAR WASH, | |
| Defendant. (s) | |

Plaintiff, United States of America, for and on behalf of its agency, U.S. Department of The Treasury, Financial Management Service, acting on behalf of U.S. Department of Labor alleges:

## Jurisdiction

1.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1345.

## Venue

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant KEVIN EMEIN AKA KEVIN EMEIAM. ("Defendant one") is

a resident of the County of Los Angeles, State of California.  Additionally,
Defendant VENTURA SHOUP  CARWASH  INC.  dba VENTURA WEST CAR
WASH.  ("Defendant two") is a suspended corporation where Plaintiff is informed
and believes Defendant VENTURA SHOUP CARWASH INC.  dba VENTURA
WEST CAR WASH is within the jurisdiction of this Court, and maintains its
business at 22517 Ventura Boulevard, Woodland Hills, CA 91364.

General Allegations

3.     The Department of Labor, through its Wage and Hour Division,
conducted an investigation during November 4, 2007 through November 3, 2009,
of Defendants' business under the Fair Labor Standards Act.

4.     The result of the Department of Labor's investigation found that five
(5) employees of Defendant's business were due back wages in the amount of
$11,152.40.  (See Exhibit 1).

5.     Defendant agreed to fully comply with the Fair Labor Standard Act
and to pay the back wages directly to the employees that were due on or before
6/12/2010 and to deliver to the Secretary's representative by 6/19/2010 of
evidence of the payment.

6.     The United States performed all conditions required by it to be
performed.

7.     The Defendants breached their responsibilities when they failed to
provide proof of payment for the back wages due to its employee, Carlos Serrano,
in the amount of $4,480.  A copy of the investigation is attached as Exhibit 1, and
made a part hereof.

8.     A demand has been made on defendant to pay, but has failed, refused
or neglected to pay.

9.     Prior to the commencement of this action, plaintiff accelerated all
sums due on the Note.

10.    As of November 13, 2012, Defendant owes the United States the

1  principal sum of $4,480.00, plus interest in the amount of $18.65 (through

2  September 9, 2010), FMS and DOJ fees of $1,473.72, Penalty Charges of $112.68

3  (pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), and 28 U.S.C. 52).  The total debt

4  owed as of November 13, 2012 is $6,085.05.  Certificate of Indebtedness is

5  attached as Exhibit 2, and made a part hereof.

6          WHEREFORE, plaintiff prays as follows:

7          1.      For money judgment against Defendant in the principal sum of

8  $6,085.05, and accrued costs, with interest accruing thereafter at the legal rate;

9          2.      For costs of suit;

10         3.      Attorneys fees

11         4.      For other and further relief as the Court may deem proper.

12

13  Dated:    November 10, 2015
            December 8,

14                                          GOLDSMITH & HULL, P.C.

15

16                              By :    Michael L. Goldsmith
                                        Attorney for Plaintiff
17                                      UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28